UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| GREGORY KONRATH, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Cause No. 3:17-cv-20 |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## **OPINION AND ORDER**

Gregory Konrath, a *pro se* prisoner, filed a *habeas corpus* petition attempting to challenge a prison disciplinary hearing where he was found guilty of Insolent Behavior in violation of Code No. 348 by a disciplinary hearing officer ("DHO") at the Westville Correctional Facility. (DE 1 at 1.) He neither lost earned credit time nor was demoted in credit class as a result of this hearing. (*Id.*) A prison disciplinary hearing can only be challenged in a *habeas corpus* proceeding where it results in the lengthening of the duration of confinement. *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003). Therefore, *habeas corpus* relief is not available in this case.

This is not news to Konrath. Before he signed this *habeas corpus* petition on December 23, 2016, he had already been told at least three times that *habeas corpus* relief is not available unless he is challenging a disciplinary proceeding that has extended his earliest possible release date. *See Konrath v. Superintendent, Westville Corr. Facility*, No. 3:16-cv-805 (N.D. Ind. Dec. 7, 2016) (DE 4); *Konrath v. Superintendent, Westville Corr.*

*Facility*, No. 3:16-cv-839 (N.D. Ind. Dec. 12, 2016) (DE 2); *Konrath v. Superintendent, Westville Corr. Facility*, No. 3:16-cv-852 (N.D. Ind. Dec. 19, 2016) (DE 2).

Nor is this Konrath's first time around the block with meritless *habeas corpus* petitions that are a supreme waste of judicial resources. In *Konrath v. Superintendent, Westville Correctional Facility,* No. 3:17-cv-18 (N.D. Ind. Jan. 3, 2017), he challenged the same prison disciplinary hearing he'd already raised in *Konrath v. Superintendent, Westville Correctional Facility*, 3:16-cv-878 (N.D. Ind. Dec. 16, 2016), even though his claims remained unexhausted. Similarly, in *Konrath v. Superintendent, Westville Correctional Facility,* No. 3:17-cv-017 (N.D. Ind. Jan. 3, 2017), he challenged the same disciplinary hearing underlying *Konrath v. Westville Correctional Facility*, No. 3:16-cv-809 (N.D. Ind. Nov. 25, 2016), even though he had not been authorized to file a successive petition by the Seventh Circuit Court of Appeals. And in *Konrath v. Superintendent, Westville Correctional Facility*, No. 3:17-cv-19 (N.D. Ind. Jan. 3, 2017), he challenged a prison disciplinary hearing that did not result in the loss of any earned credit time, even though he had already challenged that same hearing in two different *habeas* cases. *See Konrath v. Superintendent, Westville Corr. Facility*, No. 3:16-cv-839 (N.D. Ind. Dec. 8, 2016); *Konrath v. Superintendent, Westville Corr. Facility*, No. 3:16-cv-879 (N.D. Ind. Dec. 16, 2016).

Konrath is an abusive litigator. He has already been restricted from filing civil cases other than *habeas corpus* cases. *See Konrath v. Unity Healthcare, LLC*, No. 3:17-cv-9 (N.D. Ind. Jan. 5, 2017) (DE 5). And his meritless *habeas corpus* filings are just as much of a drain on judicial resources. "Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *In re McDonald*, 489 U.S. 180, 184 n. 8 (1989)

2

(*quoting In re Martin-Trigona*, 737 F. 2d 1254 (2nd Cir. 1984)). And litigants who abuse the judicial process can be restricted from filing new cases and can be sanctioned. *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

Therefore, if Konrath continues filing meritless and repetitious *habeas corpus* petitions, he may be fined, sanctioned, or restricted from filing any *habeas corpus* case other than one challenging his criminal conviction. *See generally Montgomery v. Davis*, 362 F.3d 956, 957 (7th Cir. 2004) (fining two abusive *habeas corpus* filers $500 each and directing the clerks of federal courts to "return unfiled any papers submitted . . . in any habeas corpus action unless the petition attacks a state court imposed criminal judgment" until the filers had paid all outstanding fees and sanctions).

For these reasons, the *habeas corpus* petition is **DENIED** and Gregory Konrath is **CAUTIONED** that if he persists filing meritless *habeas corpus* petitions, he may be subject to further restrictions, fines, and sanctions.

**SO ORDERED.**

ENTERED: January 9, 2017.

                                         s/ Philip P. Simon
                                         CHIEF JUDGE
                                         UNITED STATES DISTRICT COURT